1  Derek A. Newman, State Bar No. 190467
   *derek@newmanlaw.com*
2  Sophy Tabandeh, State Bar No. 287583
   *sophy@newmanlaw.com*
3  Peri-Elle Cabagnot, State Bar No. 301784
4  *peri-elle@newmanlaw.com*
   NEWMAN DU WORS LLP
5  100 Wilshire Boulevard, Suite 940
   Santa Monica, CA  90401
6  Telephone:  (310) 359-8200
7  Facsimile:   (310) 359-8190

8  Attorneys for Plaintiff
   VIRGINIE MIRAMON
9

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIE MIRAMON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BROOKE OSBORNE, an individual; and DOES 1-5,<br><br>Defendants. | No.: 3:16-cv-3917<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

VIRGINIE MIRAMON ("Plaintiff" or "Miramon") hereby alleges for her complaint against BROOKE OSBORNE ("Osborne") and DOES 1-5 (collectively, "Defendants") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I. JURISDICTION AND VENUE

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. This Court has personal jurisdiction over Osborne because she resides in and conducts business in California and this judicial district.

3. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1)–(3).

## II. PARTIES

4. Plaintiff is an individual and resident of California.

5. Osborne is an individual and resident of California. Her principal business address is at 4966 El Camino Real, Suite 119, Los Altos, CA 94022.

6. Plaintiff does not know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

## III. FACTS

**A. Plaintiff created copyrightable photographs and registered them with the U.S. Copyright Office.**

7. Miramon is a photographer specializing in photographs that feature

water. Miramon licenses and sells the photographs she creates for a fee.

8. She owns all rights to an image of a blond-haired girl wearing a black-hooded jacket on the beach (the "Infringing Image").

9. Miramon registered the Infringing Image with the U.S. Copyright Office and obtained Copyright Registration No. VAu 1-139-772 (July 30, 2012). A true and correct copy of the registration is attached as Exhibit A.

**B.  Osborne published and displayed a copy of Miramon's copyrighted photograph without license or permission.**

10. Osborne is a licensed psychologist in Los Altos, California. To promote her business, Osborne maintains a website located at <www.drbrookeosborne.com>.

11. On or around February 2016, Miramon discovered that Osborne was displaying a copy of the Infringing Image on Osborne's website without license or permission. Attached as Exhibit B is a true and correct copy of a screenshot of Osborne's infringing use.

12. Shortly thereafter, Osborne was sent a notice by email informing her of the infringing use.

## IV.  CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

13. Plaintiff hereby incorporates Paragraphs 1–12 by reference.

14. Plaintiff is, and at all relevant times has been, the owner of the copyright in the Infringing Image.

15. The Infringing Image is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

16. Plaintiff has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

17. Plaintiff registered the copyright in the Infringing Image with the United States Copyright Office.

18. Plaintiff has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the Infringing Image, (2) prepare derivative works based on the Infringing Image, (3) distribute copies of the Infringing Image, and (4) display the Infringing Image publicly.

19. Without the permission or consent of Plaintiff, the Infringing Image was reproduced, derivative works were made from it, copies were distributed of it, and it was displayed on Osborne's website.

20. Plaintiff's exclusive rights in the Infringing Image were violated.

21. Osborne induced, caused, or materially contributed to the infringement.

22. Osborne had actual knowledge of her infringement.

23. Osborne acted willfully.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendants and all persons acting in concert or participation with Defendants, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of the Infringing Image by Defendants under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Defendants of the Infringing Image and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Plaintiff as the result of Defendants' infringement plus the profits of Defendants attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Plaintiff so elects, an award of statutory damages for each infringement under 17 U.S.C. § 504;

5. A judgment that Defendants' infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

| | |
|---|---|
| 1 |       6.      An award of Plaintiff's full costs including a reasonable attorney's fee |
| 2 | under 17 U.S.C. § 505; and |
| 3 |       7.      For such other and further relief as may be just and proper under the |
| 4 | circumstances. |

Dated July 12, 2016.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *[signature: Peri-Elle Cabagnot]*

Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*
Peri-Elle Cabagnot, State Bar No. 301784
*peri-elle@newmanlaw.com*

Attorneys for Plaintiff
VIRGINIE MIRAMON

# JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated July 12, 2016.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*
Peri-Elle Cabagnot, State Bar No. 301784
*peri-elle@newmanlaw.com*

Attorneys for Plaintiff
VIRGINIE MIRAMON